UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO: 5:16-CV-00158-BR

| | |
|---|---|
| C.G. a minor child, by and through, his parents and legal guardians JANNA GARCIA and JEAN GARCIA, JANNA GARCIA and JEAN GARCIA, | )<br>)<br>)<br>)<br>) |
| Plaintiffs, | ) |
| v. | ) ORDER |
| MONICA LORENA COLIN GUTIERREZ, | )<br>)<br>) |
| Defendant. | )<br>)<br>) |

These matters are before the court on defendant Monica Lorena Colin Gutierrez's ("defendant") motion to dismiss, (DE # 15), and plaintiffs C.G, a minor child, Janna Garcia, and Jean Garcia's ("plaintiffs") motion to amend the complaint and to join a party, (DE # 17). These matters are ripe for disposition.

## I. BACKGROUND

On 1 March 2014, defendant struck plaintiff C.G., who was six years old at the time, while he was crossing the street. (Compl., DE # 1, ¶¶ 11, 18.) The car defendant drove was owned by and registered to the Consulate General of Mexico. (Id. ¶ 14.) Defendant, at the time of the incident, was a Consul for Community, Political, Economic and Cultural Affairs with the Mexican Consulate and was acting in the course and scope of her employment. (Def.'s Mem. Supp. Mot. Dismiss, DE # 16, at 1-2; Pls.' Mem. Opp. Mot. Dismiss, DE # 18, at 6.) This incident caused severe bodily injuries to the child. (Compl., DE # 1, ¶ 19.) Plaintiffs assert

negligence by defendant and seek compensatory damages, including medical expenses. (Id. ¶¶ 20-31.)

## II. DISCUSSION

### A. Motion to Dismiss for Lack of Jurisdiction

Defendant brings a motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(2). Defendant contends that she is protected by common law foreign official immunity despite an exception existing under the Vienna Convention on Consular Relations ("VCCR") that specifically removes immunity in cases brought by a third person for damages caused by a vehicle operated by a consular officer or employee. (Def.'s Mem. Supp. Mot. Dismiss, DE # 16, at 8-9.)

When a defendant brings a motion to dismiss under Rule 12(b)(1), challenging subject matter jurisdiction, "the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991) (citations omitted). The initial burden lies with the plaintiff to prove jurisdiction exists, but "[o]nce a plaintiff offers evidence that an exception to immunity applies, the defendant bears the burden of proving by a preponderance of the evidence that the exception does not apply." Velasco v. Gov't of Indonesia, 370 F.3d 392, 397 (4th Cir. 2004) (citations omitted).

"When a court's personal jurisdiction is properly challenged by a Rule 12(b)(2) motion, the jurisdictional question thus raised is one for the judge, with the burden on the plaintiff ultimately to prove the existence of a ground for jurisdiction by a preponderance of the evidence." Combs v. Bakker, 886 F.2d 673, 676 (4th Cir. 1989) (citation omitted). "In

considering a challenge on such a record, the court must construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction." Id. (citation omitted).

Federal district courts have original jurisdiction over all civil actions and proceedings against consuls. 28 U.S.C. § 1351. However, this jurisdiction can be limited "by statute or treaty, such as . . . the [VCCR]." Johnson v. United Kingdom Gov't, 608 F. Supp. 2d 291, 295 (D. Conn. 2009); see also Whitney v. Robertson, 124 U.S. 190, 194 (1888) ("[A] treaty is placed on the same footing, and made of like obligation, with an act of legislation.").

The VCCR, to which both the United States and Mexico are signatories, provides immunity from jurisdiction for consular officers and employees. VCCR, art. 43, Apr. 24, 1963, 21 U.S.T. 77, 596 U.N.T.S. 261. A "consular officer" "means any person, including the head of a consular post, entrusted in that capacity with the exercise of consular functions." Id., art. 1. A "consular employee" "means any person employed in the administrative or technical service of a consular post." Id. While consular officers and employees are generally immune from the jurisdiction of the receiving State, so long as their actions are "performed in the exercise of consular functions," the treaty provides an exception for a civil action brought "by a third party for damage arising from an accident in the receiving State caused by a vehicle . . . ." Id., art. 43(2)(b).

Recognizing that plaintiffs' action might otherwise fall within the VCCR's vehicle exception, defendant nonetheless maintains that she is immune from the jurisdiction of this court based on common law. Defendant claims, and plaintiffs do not dispute, that defendant is a consul who was performing her consular functions at the time of the incident. (See Def.'s Mem.

Supp. Mot. Dismiss, DE # 16, at 1-2 ("Consul Colin was driving a consular vehicle owned and registered with the Mexican Consulate and in performance of her consular function . . . ."); Pls.' Mem. Opp. Mot. Dismiss, DE # 18, at 6) ("'On March 1, 2014, at the time and place alleged in the Complaint, I was acting in the course and scope of my employment as a Consul and performing an act in the exercise of my consular functions.' Thus, there is no dispute between the parties . . . on this material jurisdiction fact." (quoting Affidavit of Consul Colin).)

Under common law, a foreign official may be entitled to either status-based immunity or conduct-based immunity. Yousuf v. Samantar, 699 F.3d 763, 774 (4th Cir. 2012). Defendant is claiming conduct-based immunity, which applies to "'any public minister, official, or agent of the foreign state with respect to acts performed in his official capacity if the effect of exercising jurisdiction would be to enforce a rule of law against the state.'"[1] Rishikof v. Mortada, 70 F. Supp. 3d 8, 12 (D.D.C. 2014) (quoting Restatement (Second) of Foreign Relations Law of the United States § 66 (Am. Law Inst. 1986)) (emphases and alterations removed). The requisite elements thus are: "(1) the actor must be a 'public minister, official, or agent of the foreign state;' (2) the act must have been performed as part of the actor's 'official duty;' and (3) 'exercising jurisdiction' would have the effect of 'enforcing a rule of law against the foreign state.'" Id. (quoting Restatement (Second) of Foreign Relations Law of the United States § 66) (internal quotations and alterations removed). The parties agree that neither the first nor second element is at issue; therefore, the only element for this court to consider is the third.

In Rishikof, the case on which both parties rely, a pedestrian was struck and killed by a driver employed by the Swiss Confederation. Id. at 10. The pedestrian's estate brought an action against the driver as well as the Swiss Confederation, and the defendants moved to

---

[1] Neither side disputes that this statement accurately reflects common law.

dismiss for lack of jurisdiction.  Id.  The Rishikof court found in favor of the defendants and dismissed the case for lack of jurisdiction.  Id.  The court determined that all three elements required for common law conduct-based immunity were present.  Id. at 16.  Applicable to the case at hand is that court's analysis of the third element.

The court explained that the "salient fact is that Plaintiff seeks to hold the Swiss Confederation jointly and severally liable for [the driver's] actions," and that "[b]y claiming that the Swiss Confederation is liable for [the driver's] actions, Plaintiff—by definition—is seeking to enforce a rule of law against the Swiss Confederation."  Id. at 15.  The court went on to recognize that "[i]f, on the other hand, Plaintiff had not sued the Swiss Confederation . . . but instead chose to proceed exclusively against [the driver], then [the driver] would not be entitled to immunity."  Id.  In a case in which the plaintiff does not seek damages against the foreign state, but seeks only damages from the defendant foreign official, the foreign state is not being required to pay nor forced to take any action.  See Restatement (Second) of Foreign Relations Law of the United States § 66 cmt. b, illus. 3 (Am. Law Inst. 1986) ("X is an employee of the naturalization service of state A employed in state B . . . While driving a car on an official mission, he injures Y, a national of B.  Y sues X in B, alleging that his injury was due to the negligence of X.  X is not entitled to the immunity of A . . . ."); Beth Stephens, The Modern Common Law of Foreign Official Immunity, 79 Fordham L. Rev. 2669, 2704-05 (2011) (recognizing that absent a plaintiff seeking damages which would require an outlay from the foreign state's treasury, the foreign official is not entitled to immunity).

Relying on Samantar v. Yousuf, 560 U.S. 305 (2010), defendant contends that even though only she, and not Mexico, is named in this lawsuit, dismissal is required.  (Def.'s Reply to Def. Mot. Dismiss, DE # 19, at 2-3.)  In Samantar, the Court recognized that even if a foreign

5

official is not entitled to statutory immunity, the common law may still bar suit against her. Id. at 324. The Court further recognized, "not every suit can successfully be pleaded against an individual official alone. Even when a plaintiff names only a foreign official, it may be the case that the foreign state itself . . . or an agency or instrumentality is a required party, because that party has 'an interest relating to the subject of the action' and 'disposing of the action in the person's absence may . . . as a practical matter impair or impede the person's ability to protect the interest.'" Id. (emphases added) (footnote omitted) (quoting Fed. R. Civ. P. 19(a)(1)(B)). The Court did not hold that it is impossible to name the official alone.

Here, defendant does not argue that disposition of this action in Mexico's absence (or the consulate's) would somehow impair or impede Mexico's ability to protect any interest it has regarding the incident. Plaintiffs have sued defendant personally and seek damages from her alone.

The vehicle exception in the VCCR removes the usual immunity afforded to consuls, and common law does not provide conduct-based immunity for defendant under the circumstances here. Although defendant was acting in her official duty as consul at the time of the incident, exercising jurisdiction in this case does not have the effect of enforcing a rule of law against Mexico as Mexico is not a named party in this lawsuit and plaintiffs seek to hold defendant alone personally responsible for her alleged negligence.

    **B.    Motion to Amend the Complaint and to Join a Party**

Plaintiffs seek leave to amend the complaint to join a party, the Consulate of Mexico's insurer, National Union Fire Insurance Company of Pittsburgh, Pennsylvania. "Leave to amend need not be given when amendment would be futile." In re PEC Sols., Inc. Sec. Litig., 418 F.3d 379, 391 (4th Cir. 2005) (citations omitted). "A motion to amend is futile, and thus should be

denied, if the proposed amendment 'is clearly insufficient because of substantive or procedural considerations.'" Costello v. Univ. of N. Carolina at Greensboro, 394 F. Supp. 2d 752, 756 (M.D.N.C. 2005) (quoting Goewey v. United States, 886 F. Supp. 1268, 1284 (D.S.C. 1995)).

Plaintiffs claim that pursuant 28 U.S.C. § 1364 they may assert a claim against "an insurer who, by contract, insured an individual who at the time of a tortious act or omission was a member of a diplomatic mission against liability . . . ." (Pls.' Mot. Am. Compl., DE # 17, ¶ 11.) That statute permits a party to assert a claim against the insurer if the insurer insures a person who is a "member of a mission," as defined by the Diplomatic Relations Act. 28 U.S.C. § 1364(a). The Diplomatic Relations Act defines a "mission" as including those missions that fall within the meaning of the Vienna Convention on Diplomatic Relations. 22 U.S.C. § 254a(3)-(4). Defendant, as a consul, does not fall under the Vienna Convention on Diplomatic Relations, but rather under the VCCR. See United States v. Bahel, 662 F.3d 610, 623 (2d Cir. 2011) ("the [Diplomatic Relations Act] applies only to diplomats, and not to other officials . . . ."). Because plaintiffs may not bring a claim against the insurer under § 1364, amendment of the complaint would be futile.

### III. CONCLUSION

For the reasons set forth above, defendant's motion to dismiss is DENIED, and plaintiffs' motion for leave to amend the complaint and to join a party is DENIED.

This 21 April 2017.

_____
W. Earl Britt
Senior U.S. District Judge

7